**John SMYLIS, Plaintiff,**

v.

**The CITY OF NEW YORK, et al., Defendants.**

**No. 97 CIV. 4198(LAK).**

United States District Court, S.D. New York.

Nov. 7, 1997.

---

**5.** *See, e.g., Telebrands Corp. v. E. Mishan & Sons,* 97 Civ. 1414(RPP), 1997 WL 232595 (S.D.N.Y. May 7, 1997).

Joseph M. Librie, for Plaintiff.

Elisa Baldwin, Assistant Corporation Counsel, Paul A. Crotty, Corporation Counsel of the City of New York, for Defendants.

### MEMORANDUM OPINION

KAPLAN, District Judge.

The fundamental dispute between the parties is whether the Corporation Counsel of the City of New York acted inappropriately under state law in failing to afford plaintiff, a City employee who already has pleaded guilty to departmental charges in connection with the underlying incidents, with a defense against charges that he violated the civil rights of inmates under his supervision. This has not stopped plaintiff from invoking the very civil rights laws under which he has been sued by the inmates against the Corporation Counsel in an effort to make a federal case out of this straightforward issue of New York municipal law. The defendants move to dismiss the complaint.

*Facts*

*The Underlying Events*

In June 1994, plaintiff was an assistant deputy warden employed by the New York City Department of Correction ("DOC") and assigned to the Bronx House of Detention for Men. On June 7 of that year, two incidents occurred at that facility involving the use of force against inmates. The incidents were investigated, and plaintiff was interrogated. Shortly thereafter, plaintiff pleaded guilty to departmental charges in connection with these events and was disciplined, although the complaint does not indicate the nature of the discipline.

The two use of force incidents resulted in Section 1983 actions by the inmates, each of which named plaintiff as a defendant. In due course, the Corporation Counsel declined to represent plaintiff in the actions brought by the inmates. This action followed.

*Plaintiff's Claims in this Action*

As indicated, the gravamen of this action is the Corporation Counsel's refusal to provide a defense to the plaintiff in the inmate actions. Nevertheless, plaintiff has filed a ten count complaint which in significant measure is a pastiche of phrases gleaned from Section 1983 decisions without much regard for whether they pertain to the particular matters to which the complaint would apply them.

The first three claims for relief allege that the defendants violated plaintiff's rights under the First and Fourteenth Amendments and Section 75 of the New York Civil Service Law "with deliberate indifference" by failing to provide adequate training and supervision to various persons involved in the investigation of the use of force incidents, thus improperly subjecting plaintiff to disciplinary action and denying him a defense and indemnification in the inmate actions.

The fourth claim for relief alleges that the defendants violated plaintiff's rights under the First, Sixth and Fourteenth Amendments and Section 75 of the New York Civil Service Law by failing to interview plaintiff before initiating disciplinary charges against him, as allegedly was required by a mayoral executive order.[1] It is difficult to know what to make of this allegation in view of plaintiffs other allegations that (1) he was interrogated for three days in the period June 14 through 17, 1994, and (2) entered into a negotiated plea agreement, albeit one which he claims was coerced.[2] In any case, plaintiff again contends that this alleged violation of his rights resulted in his being subjected improperly to disciplinary action and to the denial of a defense and indemnification in the inmate actions.

The fifth claim for relief alleges that plaintiff's due process and equal protection rights were violated by the refusal of a defense and, allegedly, indemnification and by the Corporation Counsel's failure to advise plaintiff of the reasons for the refusal.

The sixth claim for relief contends that the City of New York violated plaintiff's rights to due process and equal protection by promulgating and enforcing Section 50–k of the New York General Municipal Law, the state statute on the basis of which the Corporation Counsel acted, on the theory that the statute is unduly vague.

The seventh through ninth claims for relief assert that the defendants violated plaintiff's rights under the First and Fourteenth Amendments and various provisions of state law and regulations by failing to enforce certain DOC directives. The consequence of these alleged failures supposedly was that the plaintiff was subjected to dangerous working conditions, disciplinary action and the denial of representation and indemnification in the inmate actions.

Finally, the tenth claim for relief seeks recovery for allegedly negligent supervision from Hector Eugui, who was the warden of the facility in question.

*Discussion*

A principal focus of the City's motion is the contention that any dispute concerning a decision by the Corporation Counsel not to afford a defense to a City employee may be heard only in an Article 78 proceeding in state court and, in any case, that such a decision is reviewable only under the familiar standard of whether it was arbitrary and capricious.

While it is perfectly true that the Corporation Counsel's decision to deny a defense to a City employee ordinarily raises no federal claim, in which case review usually will be available only in a state court, presumably in an Article 78 proceeding, that is not necessarily so in every case. One readily can imagine circumstances in which the denial of a defense genuinely would implicate federal constitutional rights. For example, were a City employee to allege that the Corporation Counsel had refused to provide a defense on the ground that the employee was a member of a particular race, religion or political party, the federal issue would be obvious and resort to federal court under Section 1983 would be entirely appropriate. Whether the

---

**1.** Cpt ¶ 99.

**2.** *Id.* ¶¶ 41–43.

tortured claims asserted by this plaintiff fit into this model, however, need not be decided in this case, as the federal claims—with one possible exception—manifestly are insufficient.

*First Amendment Claims*

■ Plaintiff claims that the defendants, with deliberate indifference, violated his First Amendment rights, made applicable to the states by the Fourteenth Amendment, by failing to train those involved in the investigation of the use of force incidents (first, second and third claims for relief), failing to interview plaintiff before instituting disciplinary proceedings against him (fourth claim), and failing to enforce certain DOC directives (seventh through ninth claims).

Some of the jargon may be disposed of at the outset. The significance in Section 1983 litigation of a failure to train municipal employees is a consequence of *Monell v. Department of Social Services,*[3] which held, inter alia, that there is no respondeat superior liability under Section 1983. The Court subsequently has held that a municipality nevertheless may be held liable for constitutional violations by its employees if the violations were the products of a failure to train which, in the circumstances, evidenced a deliberate indifference to the constitutional rights of the victims of the employees.[4] But the issue of inadequate training does not arise unless the plaintiff at least alleges a violation of his or her constitutional rights by municipal agents. So the Court first examines whether plaintiff's invocation of the First Amendment is of any legal significance given the factual allegations of this complaint.

The First Amendment of course guarantees freedom of speech and of the press and precludes interference with the free exercise, or the establishment, of religion. There is no suggestion in the complaint that any action taken by any City employee interfered with or retaliated against plaintiff for the exercise of rights protected by the First Amendment. Accordingly, the first through third and seventh through ninth claims for relief which rely exclusively on the First Amendment and state law theories, are dismissed—the federal claims for failure to state a claim upon which relief may be granted and the pendent state claims for lack of subject matter jurisdiction. So much of the fourth claim for relief as rests on the First Amendment also is dismissed for failure to state a claim upon which relief may be granted.

*Sixth Amendment*

■ The fourth claim for relief invokes the Sixth as well as the First Amendment. The Sixth Amendment, however, applies only to criminal prosecutions. Accordingly, the Sixth Amendment claim is dismissed.

*Equal Protection*

The fifth claim for relief contends, *inter alia,* that the Corporation Counsel's failure to defend and indemnify plaintiff and to advise him of the reasons for his decision deprived plaintiff of his right, among others, to the equal protection of the laws. The sixth claim maintains that the City's promulgation of Section 50–k of the General Municipal Law[5] and the Corporation Counsel's reliance upon it also deprive plaintiff of equal protection.

■ In order to state a claim under the Equal Protection Clause with respect to a facially neutral statute such as Section 50–k, a plaintiff must allege, among other things, that he or she was treated differently from others similarly situated.[6] There is no such allegation in this complaint. Accordingly, the equal protection claims are dismissed.

---

3. 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

4. *City of Canton v. Harris,* 489 U.S. 378, 389–90, 109 S.Ct. 1197, 1204–05, 103 L.Ed.2d 412 (1989); *see also Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir.1995); *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir.1991); *Carrero v. New York City Housing Auth.,* 975 F.Supp. 501, 506–08 (S.D.N.Y. 1997).

5. The General Municipal Law of course is a state statute. It was not, as plaintiff alleges, promulgated by the City.

6. *E.g., La Trieste Restaurant & Cabaret Inc. v. Village of Port Chester,* 40 F.3d 587.590 (2d Cir. 1994).

*Due Process*

Plaintiff makes essentially three due process claims, which appear in the fifth and sixth claims for relief. First, generously read, the complaint alleges that plaintiff was denied due process of law because the "negotiated plea agreement" into which he entered with DOC was coerced. Second, he argues that the Corporation Counsel violated his rights by failing to advise him of the reasons for his decision to deny a defense. Finally, he asserts in substance that the denial of a defense was improper because Section 50–k of the New York General Municipal Law is unduly vague as to the circumstances in which a defense may be withheld.

### The Allegedly Coerced Plea

■ In order to state a claim for violation of his due process rights, a plaintiff must "first identify a property right, second show that the state has deprived him of that right, and third show that the deprivation was effected without due process."[7]

In this case, plaintiff alleges that he had a property interest "in his position as an assistant deputy warden and in the rights and benefits attendant thereto,"[8] that the plea agreement into which he entered with DOC was coerced, and that he was disciplined. The complaint does not indicate the nature or extent of the discipline. In consequence, the complaint does not allege that the discipline deprived plaintiff of anything in which he had a property interest. The coerced confession theory therefore fails to state a claim upon which relief may be granted.

### Failure to Advise of Reasons

■ Plaintiff's contention that he was deprived of his right to due process of law by the Corporation Counsel's failure to advise him of his reason for declining to provide a defense in the inmate actions is curious. There is no suggestion that plaintiff was entitled to an opportunity to be heard on the issue or to advance notice of proposed reasons for reaching such a decision, only that the failure to state the reasons after the fact was actionable. But whatever the precise claim, there is no basis for a federal due process claim.

Even assuming that plaintiff has a property interest in having the City afford him a defense in the inmate actions and, in consequence, that he may not be deprived of that interest without due process of law, the question of the process that would be due would remain. It is clear at this point that the state deprives one of procedural due process, in ordinary circumstances, only if it provides no post-deprivation remedies or the post-deprivation remedies are inadequate.[9] Here, plaintiff has perfectly adequate remedies in the state courts for the allegedly improper denial of a defense.[10] In consequence, the complaint in this respect fails to state a claim upon which relief may be granted.

### Vagueness

■ Plaintiff contends, finally, that the provisions of Section 50–k of the General Municipal Law that permit the Corporation Counsel to deny a defense are so indefinite as to violate plaintiff's due process rights. The statute provides in relevant part that the City:

> "shall provide for the defense of any employee of any agency in any civil action or proceeding ... arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule

---

7. *Mehta v. Surles,* 905 F.2d 595, 598 (2d Cir. 1990).

8. Cpt ¶ 6.

9. *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *C.A. U.T.I.O.N., Ltd. v. City*

of New York, 898 F.Supp. 1065, 1071 (S.D.N.Y. 1995).

10. There is no suggestion that the requirements of *Zinermon v. Burch,* 494 U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), have been satisfied here. Moreover, it is difficult to see how the additional "process" of which plaintiff claims to have been deprived—an after-the-fact statement of reasons would reduce the risk of erroneous deprivations.

or regulation of his agency at the time the alleged act or omission occurred." [11]

It is exceptionally difficult to prevail on a claim that a non-penal statute that does not trench on First Amendment interests is unconstitutionally vague. As the Circuit recently has written:

"The clarity of a statute that does not involve First Amendment freedoms is to be evaluated on an 'as applied' basis. A civil statute is not impermissible under this standard unless its commands are 'so vague and indefinite as really to be no rule or standard at all.' The degree of vagueness permitted varies with the nature of the enactment and the correlative needs for notice and protection from unequal enforcement ... [Its terms must] be construed by the State in a way that permits compliance and even-handed enforcement." [12]

To whatever extent plaintiff may be challenging the constitutionality of Section 50–k on its face, the attack manifestly would be insufficient even if tested by the standard applicable to "as applied" challenges. The operative concepts—whether an employee acted within the scope of his or her employment and whether he or she was in violation of any agency rule—are not "so vague and indefinite as really to be no rule or standard at all."

Nor does plaintiff state a claim on an "as applied" basis. Just as the availability of adequate state remedies preclude his due process claim based on the allegedly coerced plea, they bar any contention that he was deprived of procedural due process because Section 50–k is unconstitutionally vague as applied to the facts of his case.

*The Pendent State Claims*

As the foregoing makes clear, none of the federal claims set forth in the complaint states a legally sufficient claim for relief. In consequence, all of the state claims must be dismissed for lack of subject matter jurisdiction as well. As it is possible, however, that the complaint might be amended to state a federal claim based on plaintiff's contention that the plea agreement into which he entered was coerced and that he thus was deprived him of a property interest protected by the Due Process Clause, the question arises as to the extent to which the Court should exercise jurisdiction over plaintiff's state claims—the claims of violation of Section 75 of the Civil Service Law, improper denial of defense and indemnity under Section 50–k of the General Municipal Law, and negligence on the part of the warden.

Section 1367(a) of the Judicial Code, which largely codified under the heading "supplemental jurisdiction" various doctrines including that formerly known as pendent jurisdiction, provides in relevant part that "the district courts shall have supplemental jurisdiction over all other [i.e., non-federal] claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." [13] In this respect, it codifies the rule of *United Mine Workers of America v. Gibbs*,[14] which defined the scope of the Article III power to resolve pendent state claims.[15] Section 1367(b) then goes on to define the circumstances in which a district court nevertheless may exercise its discretion to decline to entertain a state claim which is within its Article III power.

*Gibbs* held that Article III power exists where the state and federal claims "derive from a common nucleus of operative fact" and "are such that [the plaintiff] would ordinarily be expected to try them all in one

---

**11.** N.Y. Gen. Mun. L. § 50–k, subd. 2 (McKinney 1986).

**12.** *Ass'n of Int'l Automobile Mfrs., Inc. v. Abrams,* 84 F.3d 602, 614 (2d Cir.1996) (quoting *Boutilier v. INS,* 387 U.S. 118, 123, 87 S.Ct. 1563, 1566, 18 L.Ed.2d 661 (1967); · *All–Aire Conditioning, Inc. v. City of New York,* 979 F.Supp. 1010, 1016 (S.D.N.Y. 1997).)

**13.** 28 U.S.C. § 1367(a).

**14.** 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

**15.** 13B Charles Alan Wright, et al., Federal Practice and Procedure: Jurisdiction 2d § 3567.1 (Supp. 1997).

**484**

judicial proceeding ..."[16] While this standard has been construed generously,[17] it is not sufficiently broad to encompass all of plaintiff's state law claims given the narrow scope of any possible surviving claim.

Assuming *arguendo* that plaintiff is able to amend the complaint to state a legally sufficient claim that he was deprived of a property interest by the discipline imposed in consequence of a plea extracted from him in violation of the Due Process Clause, the claim would be a very narrow one. The factual questions would revolve about the circumstances of plaintiff's interrogation and plea and, perhaps, the nature of the disciplinary action taken. The negligence claim and the claim that the Corporation Counsel improperly denied a defense, however, involve quite different factual issues. The former involves the warden's management of the Bronx House of Detention for Men. The latter requires consideration of the facts that were before the Corporation Counsel at the time he acted and the legal reasonableness of his actions.

In view of these considerations, the Court holds that neither the negligence claim nor the contention that plaintiff was improperly denied a defense and indemnification with respect to the inmate actions are within the supplemental jurisdiction of this Court. Even if they were, the Court would decline to exercise supplemental jurisdiction over them because they would predominate substantially over any possibly surviving federal claim.[18]

*Conclusion*

Defendants' motion to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6) is granted in all respects. The dismissal as to the federal claims is on the merits. The dismissal of the state claims is for lack of subject matter jurisdiction. Plaintiff is granted leave to file an amended complaint, provided it is filed within 21 days, to assert only claims that (1) he was deprived of a

---

16. *Id.* at 725, 86 S.Ct. at 1138.

17. 13B WRIGHT ET AL., *supra* § 3567.1, at 117–20 (1984).

18. This of course does not apply to plaintiff's contention, if any, that the alleged coercion of his

---

property interest in violation of his right to due process of law under the Fourteenth Amendment to the Constitution by the alleged coercion of a plea agreement from him, and (2) the same conduct violated his rights under Section 75 of the New York Civil Service Law.

SO ORDERED.

plea violated Section 75 of the Civil Service Law. Any such claim quite obviously would derive from a common nucleus of operative fact. Moreover, the interest in judicial economy would warrant the exercise of this Court's jurisdiction to decide that claim.