**HARRY WINSTON, INC., Plaintiff,**

v.

**Kathleen A. KERR, Defendant.**

**No. 99 Civ. 0290(LAK).**

United States District Court,
S.D. New York.

Oct. 20, 1999.

See also 1999 WL 710794.

Lee A. Armstrong, Jones, Day, Reavis & Pogue, New York City, for Plaintiff.

Ronald C. Minkoff, Beldock Levine & Hoffman LLP, New York City, for Defendant.

David Boies, Boies & Schiller LLP, Armonk, NY, Steven I. Froot, Barrett Gravante Carpinello & Stern LLP, New York City, for Third Party Defendant Bruce Winston.

## MEMORANDUM OPINION

KAPLAN, District Judge.

The principal question presented by the pending cross-motions is whether the Court has subject matter jurisdiction over the so-called cross-claim filed by third party defendant Bruce Winston against plaintiff Harry Winston, Inc. ("HWI").

### Facts

The background of this bitter family dispute is summarized in the Court's recent opinion on a discovery matter, familiarity with which is assumed.[1] Briefly stated, HWI, which now is controlled by Ronald Winston, here claims that defendant Kathleen Kerr, a former officer and employee, betrayed the company by improperly revealing corporate confidences to Ronald's brother, Bruce, for use by Bruce in his battles with Ronald and the company. As Ms. Kerr acted pursuant to an agreement with Bruce pursuant to which Bruce agreed to pay her up to $1 million for her troubles, she understandably impleaded Bruce. Bruce in turn filed a purported cross-claim[2] against HWI in which he alleges, both in his individual capacity and as the beneficial owner of HWI stock, that HWI's institution and prosecution of this action is a waste of corporate assets.

HWI has moved to dismiss Bruce's claim for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Bruce has cross-moved for leave to amend his claim, if necessary, to cure alleged pleading defects upon which HWI's motion relies.

### Discussion

Bruce's claim against HWI alleges no independent basis of federal subject matter jurisdiction. Indeed, Bruce concedes that there is none.[3] Rather, he contends that the Court has jurisdiction because his Rule 14(a) claim arises out of the same transaction and occurrence as the complaint and therefore comes within Rule

---

1. *Harry Winston, Inc. v. Kerr,* 1999 WL 710794 (S.D.N.Y. Sept.13, 1999).

2. Cross-claims may be asserted only against co-parties. FED. R. CIV. P. 13(g). As HWI, the defendant on Bruce's claim, is the plaintiff and not a co-party of Bruce, Bruce's claim against it is not a cross-claim. Rather, if the claim has any basis at all in the Federal Rules of Civil Procedure, the basis lies within Rule 14(a).

3. Memorandum of law in opposition to plaintiff's motion to dismiss Bruce Winston's Rule 14(a) claim, etc. 6.

14(a)[4] and, in any case, that it comes within the supplemental jurisdiction of the Court under Section 1367 of the Judicial Code.[5]

Rule 82 provides that the Federal Rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the United States district courts ...."[6] Nor could they do so given the terms of the Rules Enabling Act.[7] In consequence, Bruce's contention that the Court has subject matter jurisdiction because his claim comes within Rule 14(a) is frivolous.

The Section 1367 argument is more colorable. Section 1367 in pertinent part confers supplemental jurisdiction "over all ... claims that are so related to claims in the action within ... [the court's] original jurisdiction that they form part of the case or controversy under Article III of the United States Constitution."[8] It then goes on to define circumstances in which a district court nevertheless may decline to exercise supplemental jurisdiction.[9] The statute therefore contemplates a two-tiered analysis. The first step is to determine whether the claim at issue comes within the court's power. If so, the second step requires determination whether that power should be exercised.

■ Section 1367(a), which defines the scope of a district court's power to decide a claim, simply codifies the preexisting holding of the Supreme Court in the *Gibbs*[10] case.[11] A court thus has the power to exercise supplemental jurisdiction over state claims if they derive from "a ... nucleus of operative fact" common to the jurisdiction conferring claim and if they "are such that [the claimant] would ordinarily be expected to try them all in one judicial proceeding ...."[12]

■ Bruce's Rule 14(a) claim does not satisfy this standard. HWI's claim against Kerr is that she faithlessly entered into an arrangement with Bruce in 1996 pursuant to which she has divulged trade secrets and confidential information to him ever since. Bruce's claim against HWI is that its commencement of this action in 1998 and its subsequent prosecution involve an imprudent use of corporate assets and was otherwise improper. Thus, while the actions by Kerr of which HWI complains provided the occasion for the HWI action that Bruce attacks, the conduct complained of by HWI and the conduct complained of by Bruce have nothing in common.

Courts have taken differing views as to the degree of closeness that must exist between the jurisdiction conferring claim and the putative supplemental claim in order to come within their supplemental

4.  *Id.* 5.

5.  *Id.* 6.

6.  Fed. R. Civ. P. 82.

7.  *Willy v. Coastal Corp.*, 503 U.S. 131, 134–35, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992); *Sibbach v. Wilson & Co.*, 312 U.S. 1, 10, 655, 61 S.Ct. 422, 85 L.Ed. 479 (1941); 28 U.S.C. § 2072(a) (procedural rules "shall not abridge, enlarge or modify any substantive right").

8.  28 U.S.C. § 1367(a).

9.  *Id.* § 1367(c).

10.  *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

11.  *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 n. 2 (2d Cir.1993); *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir.1991), *cert. denied*, 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992); *Smylis v. City of New York*, 983 F.Supp. 478, 483 (S.D.N.Y.1997); 13B Charles Alan Wright, Aruthur R. Miller and Mary Kay Kane, Federal Practice And Procedure: Jurisdiction 2D § 3567.1 (Supp.1999).

Section 1367(c), it might be noted, modified *Gibbs* with respect to the circumstances in which a district court is at liberty to decline to exercise supplemental jurisdiction. *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 445–48 (2d Cir.1998).

12.  *Promisel*, 943 F.2d at 254 (quoting *United Mine Workers*, 383 U.S. at 725–26, 86 S.Ct. 1130) (internal quotation marks omitted).

jurisdiction.[13] Some have required only a logical relationship between the two claims, while others hold that both claims must involve common operative facts.[14] Whichever view is taken, however, Bruce's claim does not get over the hurdle.

▮ There are few if any operative facts common to the two claims. HWI's claim against Kerr depends upon what information she revealed to Bruce and whether she breached any duty in doing so. Bruce's claim against HWI, on the other hand, asserts that HWI's pursuit of the case against Kerr was imprudent and tainted by conflicts of interest. It therefore turns on whether the HWI board was conflicted and whether it acted prudently, given the information before it when it acted. This last point is especially important in that it answers Bruce's contention that both claims arise from a common nucleus because the merits of HWI's claim against Kerr must be decided in resolving his claim against HWI. For what ultimately is important with respect to Bruce's claim against HWI is not whether HWI prevails on its claim against Kerr, but whether the board acted within the permissible scope of its discretion in deciding to pursue the claim in the first place.[15] Those are two different questions.

Nor is Bruce materially aided by the looser logical relationship test employed by some courts. He contends that there must be a logical relationship between both claims because his claim against HWI is based on HWI's pursuit of this case against Kerr. But this facile contention, despite perhaps superficial appeal, does not withstand analysis.

As the Supreme Court has observed in another context, the outcomes of cases often turn on the level of generality at which they are analyzed.[16] At a sufficiently general level, everything is logically related to everything else. Any claim asserted by one party against another is logically related to claims asserted against it by its adversary, if only by virtue of the fact that both arise out of the relationship between the parties and both parties chose to assert their respective claims in the same proceeding. In consequence, even in applying the logical relationship test, if that is the proper standard, a court must have regard to the fundamental considerations that define the scope of its judicial power in the supplemental jurisdiction context. On one hand, the court must have the power to resolve the entire dispute brought before it,[17] an admittedly imprecise standard. On the other, the definition of the "dispute" cannot be permitted to expand unchecked lest limitations on the federal judicial power be swallowed by this "exception" to the usual rules.

The precise delineation of this line no doubt will benefit from the usual case-by-

---

**13.** *Lyon v. Whisman,* 45 F.3d 758, 761 (3d Cir.1995).

**14.** *Compare Mason v. Richmond Motor Co.,* 625 F.Supp. 883, 886 (E.D.Va.1986), *aff'd,* 825 F.2d 407 (4th Cir.1987) (table) (requiring operative facts common to both claims), *with* Denis F. McLaughlin, *The Federal Supplemental Jurisdiction Statute—A Constitutional and Statutory Analysis,* 24 ARIZ. ST. L.J. 849, 910–12 (1992) (arguing for loose relationship).

**15.** Insofar as Bruce complains of the further prosecution of the action, as distinguished from its commencement, there might in theory be some convergence between the merits of HWI's action and the merits of Bruce's waste claim—the board presumably would be obliged periodically to consider whether further investment of corporate resources in pursuing the claim against Kerr is warranted in view of developments in the case. But Bruce's Rule 14(a) claim speaks as of the date it was filed. Subsequent developments in the claim against Kerr would be germane only if Bruce sought and were granted leave to supplement his complaint. In any case, jurisdiction over the Rule 14(a) claim must be determined no later than the date of its interposition. *See, e.g., Freeport–McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991).

**16.** *See Anderson v. Creighton,* 483 U.S. 635, 639–40, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

**17.** *United Mine Workers,* 383 U.S. at 725, 86 S.Ct. 1130.

case development. Some of the relevant considerations, however, are clear enough. In *Gibbs,* the Supreme Court alluded to the importance of whether the claims ordinarily would be tried in one proceeding in determining whether both are within the court's power.[18] And surely the extent of the factual overlap is relevant if perhaps not alone dispositive.

These factors strongly favor HWI. Claims of corporate waste typically are resolved in shareholder derivative actions entirely separate from any litigation arising in relation to the corporate actions which are their foci. There is little factual overlap between the two claims.

The view that Bruce's Rule 14(a) claim and plaintiff's claim against Kerr do not derive from a common nucleus of operative fact is supported by this Court's decision in *Smylis v. City of New York.*[19] The plaintiff in that case, an official in the New York City Department of Corrections ("DOCS"), brought an action claiming that (1) DOCS had disciplined him on the basis of a guilty plea to departmental charges obtained in violation of his federal constitutional rights, and (2) the City had failed to provide him with a legal defense in civil litigation arising from the same incident as the departmental charges, allegedly in violation of the plaintiff's state law rights. Noting that the factual issues relating to the alleged unconstitutional coercion of the guilty plea were not similar to the questions raised by the City's refusal to provide a defense, the Court held that the two claims did not arise from a common nucleus of operative fact.[20]

*Smylis* is highly pertinent here. In that case, an incident in a City prison resulted in both the departmental charges and the civil litigation against the plaintiff. Those charges were resolved by the allegedly coerced plea, and the civil litigation led to the City's refusal to provide a defense. The connection between the plaintiff's state and federal claims therefore was at least as "logical" as the connection between HWI's claim against Kerr and Bruce's claim against HWI. In consequence, the Court's holding in *Smylis* that it lacked the power to adjudicate both claims strongly supports the view that it lacks power to adjudicate Bruce's claim here. Accordingly, the Court holds that the judicial power does not extend to Bruce's Rule 14(a) claim and that it therefore lacks subject matter jurisdiction over it.

### Conclusion

For the foregoing reasons, plaintiff's motion to dismiss the complaint of third party defendant Bruce Winston, erroneously denominated as a cross-claim, is granted on the ground that the Court lacks jurisdiction over its subject matter. This disposition makes it unnecessary to consider the alternate grounds for dismissal. In addition, it moots Bruce Winston's cross motion, which is denied on that ground.

SO ORDERED.

---

**18.**  *Id.*

**19.**  983 F.Supp. 478.

**20.**  *Id.* at 484.