AT & T CORPORATION, Plaintiff,

v.

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Defendant–Third Party Plaintiff,

v.

NEC Business Network Solutions, Inc., Third Party Defendant.

No. 99 Civ. 2575 (LAK).

United States District Court, S.D. New York.

Nov. 10, 1999.

Sung Teak Kim, Assistant Corporation Counsel, Michael D. Hess, Corporation Counsel of the City of New York, for Third Party Plaintiff.

Shalom D. Stone Walder, Sondak & Brogan, P.A., for Third Party Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This is an action by AT & T Corporation ("AT & T") to recover unpaid telephone bills totaling $27,000 from the New York City Health and Hospitals Corporation ("HHC"). Jurisdiction is based on the existence of a federal question.[1] HHC contends that the charges that AT & T seeks to recover were for long distance calls placed by unauthorized persons through the telecommunications system at Goldwater Memorial Hospital ("Goldwater"). It has filed a third party complaint against NEC Business Network Solutions, Inc. ("NEC"), which installed the Goldwater system. It alleges that NEC is liable to HHC for any sum owed by HHC to AT & T on the theory that the Goldwater system did not conform to the terms, provisions and specifications of the HHC–NEC contract, that NEC negligently designed and/or installed the system, and that the deficiencies permitted the placement of the calls in question. NEC now moves to dismiss the third party complaint for lack of subject matter jurisdiction.

Section 1367(a) of the Judicial Code[2] provides in relevant part that:

"in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

Section 1367(c) then authorizes district courts to decline to exercise supplemental jurisdiction over claims under subsection (a) in enumerated circumstances, the most pertinent of which for purposes of this case is where the claim within the supplemental

---

1. Federal question jurisdiction allegedly exists because the defendant's liability, if any, arises under a tariff filed with the Federal Communications Commission. Cpt. ¶ 3. The existence of original jurisdiction over AT & T's

claim is not disputed. *See Fax Telecomunicaciones, Inc. v. AT & T,* 138 F.3d 479, 488 (2d Cir.1998).

2. 28 U.S.C. § 1367(a).

jurisdiction "substantially predominates over the claim or claims over which the district court has original jurisdiction." [3] Section 1367(a) codifies the holding of *United Mine Workers v. Gibbs* [4] as to the scope of the district courts' judicial power.[5] Section 1367(c), on the other hand, limits the scope of the district courts' discretion to decline to exercise supplemental jurisdiction to the circumstances set forth in the statute.[6]

The question whether HHC's claim against NEC is within the Court's supplemental jurisdiction under § 1367(a) depends upon whether it derives from "a ... nucleus of operative fact" common to AT & T's claim against HHC and is "such that [HHC] would ordinarily be expected to try [both claims] in one judicial proceeding ..." [7] That standard arguably is not satisfied here. The claim asserted by AT & T against HHC is that long distance calls were made from HHC phones for which HHC has declined to pay. While the impetus for HHC's claim against NEC seems to be the same telephone calls as are the subject of AT & T's claim against HHC, the crux of the dispute between HHC and NEC is not whether the calls were made, not whether HHC has paid for them, but whether NEC appropriately designed and installed the telephone system and whether it breached its contract with HHC. But the question whether that somewhat attenuated relationship warrants the conclusion that both claims are within the Court's power need not be determined in this case.

It would be difficult to find a case more clearly illustrating circumstances in which the claim brought under the supplemental jurisdiction predominates over the claim within the Court's original jurisdiction. AT & T's claim against HHC is simplicity itself. Its records show that the calls were made. Non-payment of the bill appears to be conceded. The claim presumably will be resolved on summary judgment. HHC's claim against NEC, on the other hand, is infinitely more complex. It will require consideration of the contract for installation of a $3 million telecommunications system in a New York City hospital and the standards of care that govern the design and installation of such equipment. Those issues quite plainly predominate over those involved in the resolution of AT & T's claim against HHC.

In contending that the Court should hear its third party complaint, HHC relies principally on *Fax Telecommunicaciones Inc. v. AT & T* [8] and *American Telephone and Telegraph Co. v. City of New York*.[9] Neither compels that result.

The Circuit in *Fax* declined to upset a judgment on the merits that had been rendered in an action erroneously removed from state court in the absence of federal subject matter jurisdiction where (a) no jurisdictional objection had been made in the district court, and (b) the defendant had interposed a counterclaim over which the district court had original jurisdiction. While the case is of some modest aid to

---

**3.** *Id.* § 1367(c).

**4.** 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

**5.** *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 n. 2 (2d Cir.1993); *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir.1991), *cert. denied*, 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992); *Harry Winston, Inc. v. Kerr*, No. 99 Civ. 0290(LAK), 1999 WL 961786, *1 (S.D.N.Y. Oct. 20, 1999); *Naftchi v. New York Univ.*, 14 F.Supp.2d 473, 492 & nn.152–53 (S.D.N.Y. July 29, 1998); *Smylis v. City of New York*, 983 F.Supp. 478, 483 (S.D.N.Y.1997).

**6.** *E.g., Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 445–48 (2d Cir.1998); *Harry Winston, Inc.*, 1999 WL 961786, *1 n.11; *Naftchi*, 14 F.Supp.2d at 492 n. 153.

**7.** *Promisel*, 943 F.2d at 254 (*quoting United Mine Workers*, 383 U.S. at 725–26, 86 S.Ct. 1130) (internal quotation marks omitted).

**8.** 138 F.3d 479 (2d Cir.1998).

**9.** 83 F.3d 549 (2d Cir.1996).

HHC in that the panel relied upon the existence of the federal question counterclaim in support of its result, thus implicitly holding that both the counterclaim and the complaint arose from a common nucleus of operative fact and are within the federal judicial power, the principal focus of the decision was on the significance on appeal of defects in removal where some basis for federal jurisdiction existed at the time the judgment appealed from was rendered. Even more importantly, the Circuit had no occasion in *Fax* to consider whether the district court properly might have declined to exercise supplemental jurisdiction for the simple reason that the court below had proceeded to judgment in the absence of any jurisdictional objection.

*AT & T v. City of New York* is factually closer to this case. AT & T there sought to recover long distance changes for calls made from city prisons on Riker's Island which the City claimed were unauthorized. The City impleaded New York Telephone Company, claiming that it was liable to the City for any liability the City had to AT & T because the City had ordered a special blocking service on the Riker's Island telephones which, in theory, should have prevented the making of the calls. The district court granted summary judgment both for AT & T against the City and for the City against New York Telephone, and the Second Circuit disposed of the appeal without noting any jurisdictional problem. HHC therefore argues that this Court is bound to exercise supplemental jurisdiction over its third party complaint against NEC.

HHC's argument is mistaken. As far as the Second Circuit's opinion discloses, no jurisdictional objection was raised at any stage in the proceedings. While the Court of Appeals would have been obliged to raise *sua sponte* the question whether the district court had jurisdiction to hear the case,[10] it is far from clear that its failure to do so constituted a binding determination that jurisdiction existed. But there is no need ultimately to resolve that question. Even if the failure to raise a jurisdictional problem were a binding determination that the district court acted properly in deciding the merits of the case, it would be important to focus on the precise content of such a determination. It necessarily would have included a holding that the third party complaint was within the district court's *power*, i.e., that supplemental jurisdiction existed under 28 U.S.C. § 1367(a). So too it would have included a conclusion that the district court did not exceed the bounds of its permissible discretion by retaining the case. But it surely would not have included any judgment on the question whether the district court would have erred had it declined to consider the third party complaint on any of the grounds enumerated in 28 U.S.C. § 1367(c). Hence, even if *AT & T* were taken as holding that the third party complaint in that case was within the district court's power and that the district court was not obliged to decline to exercise supplemental jurisdiction, it certainly did not hold that a district court may not decline to exercise supplemental jurisdiction in these circumstances under Section 1367(c).[11]

**10.** *E.g., Fax Telecommunicaciones Inc.*, 138 F.3d at 485.

**11.** *Klein v. London Star Ltd.*, 26 F.Supp.2d 689 (S.D.N.Y.1998), in which the court exercised supplemental jurisdiction over a state law discrimination claim in a case brought also under the Age Discrimination in Employment Act, despite a contention that the more complex damage issues raised on the state law claim rendered it predominant, is not to the contrary. To begin with, there is a policy in this Circuit favoring the exercise of supplemental jurisdiction in discrimination cases. *E.g., Promisel*, 943 F.2d 251. At least equally important, a refusal to exercise supplemental jurisdiction in *Klein* could have resulted in the plaintiff being forced to try the issue of liability both in federal and state court despite the exceptionally close relationship of those determinations, whereas the issues raised by the third party complaint in this case are quite dissimilar from those raised by the complaint.

Accordingly, NEC's motion to dismiss the third party action for lack of subject matter jurisdiction is granted. Even assuming that the third party complaint is within the Court's supplemental jurisdiction, the Court, in the exercise of discretion, declines to entertain the third party complaint.

SO ORDERED.