Helene BURGESS, Plaintiff,

v.

Bashar OMAR, 93 University Place Corp., 2493 Broadway Corp., and 489 Broome Street Corp., Defendants.

No. 04 Civ. 00224(LAK).

United States District Court, S.D. New York.

Nov. 16, 2004.

Andrea Likwornik Weiss, J. Kelley Nevling, Jr., Levi Lubarsky & Feigenbaum LLP, New York City, for Plaintiff.

Roger J. Bernstein, New York City, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff moves to dismiss defendants' counterclaims, none of which rests on an independent basis of federal jurisdiction, for lack of subject matter jurisdiction. She argues that none arises out of a common nucleus of operative fact with her complaint, that none therefore is within the Court's supplemental jurisdiction, and in any case that the Court should not exercise any supplemental jurisdiction that it has.

### Facts

The complaint in this case centers on plaintiff's November 2003 sale of the shares of the corporate defendants to defendant Omar. Briefly stated, she claims that Omar, knowing that plaintiff would not give a personal guarantee with respect to the business, misled her into believing that the business's largest supplier would continue to do business only if she gave such a guarantee and that the business would fail in the absence of a personal guarantee by the owner. He then offered to accept a transfer of the shares on the understanding that he would give the supplier the guarantee and that plaintiff's position in the business would remain unchanged, only to fire her after the closing. On the basis of these allegations, the complaint asserts claims under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 thereunder as well as on various state law theories.

The amended answer contains three counterclaims. The first, on behalf of 93 University Place Corp. and 489 Broome Street Corp., seeks recovery of more than $50,000 allegedly advanced by them to plaintiff over the period 1997 through November 5, 2003 for her personal expenses. The second, which is asserted on behalf of all three corporate defendants, is brought under N.Y. Bus. Corp. L. § 720 and seeks damages of more than $5 million against plaintiff for breach of fiduciary duty, misappropriation and waste during the period January 12, 1998 through November 5, 2003. It alleges in substance that plaintiff skimmed this money from the corporate receipts. Finally, the third counterclaim, which is brought only on behalf of defendant Omar, seeks a declaratory judgment and equitable relief with respect to plaintiff's alleged actions in December 2003 in forcing Omar out of an entity called Richard Pezzoli Construction, LLC in which Omar, plaintiff and Pezzoli held equal interests.

## Discussion

■ As there is no independent basis of federal subject matter jurisdiction over the counterclaims, they must be dismissed unless they come within the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) and the Court opts to exercise that jurisdiction.

■ Section 1367(a) of the Judicial Code, which defines the scope of a district court's power to decide a claim, codifies the preexisting holding of the Supreme Court in the *United Mine Workers v. Gibbs*.[1] A court thus has the power to exercise supplemental jurisdiction over state claims if they derive from "a ... nucleus of operative fact" common to the jurisdiction-conferring claim, and if they "are such that [the claimant] would ordinarily be expected to try them all in one judicial proceeding...."[2]

■ The third counterclaim plainly does not arise out of a nucleus of operative facts common to the complaint. It involves an alleged attempt by plaintiff to force Omar out of a different company entirely after the completion of the fraud alleged in the complaint.

■ The first and second counterclaims present a somewhat closer question. Both involve plaintiff's role in the transferred business. The time period relevant to

1. 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
   *E.g., City of Chicago v. International College of Surgeons,* 522 U.S. 156, 165, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997); *Briarpatch Ltd. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 308 (2d Cir.2004); *Cicio v. Does 1–8,* 321 F.3d 83, 97 (2d Cir.2003), *vacated and remanded on other grounds,* —— U.S. ——, 124 S.Ct. 2902, 159 L.Ed.2d 808 (2004); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1052 n. 2 (2d Cir.1993); *Promisel v. First Am. Artificial Flowers, Inc.,* 943 F.2d 251, 254 (2d Cir. 1991), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992); *Smylis v. City of New York,* 983 F.Supp. 478, 483 (S.D.N.Y. 1997); 13B Charles A. Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3567.1 (Supp. 2004).

The *dictum* in *Jones v. Ford Motor Credit Co.,* 358 F.3d 205, 213 n. 5 (2d Cir.2004), does not warrant a different conclusion, particularly in light of *Briarpatch,* 373 F.3d 296, in which the Circuit subsequently adhered to the traditional view without even citing *Jones.* 373 F.3d at 308. In any case, this Court is bound by the Supreme Court's decision in *City of Chicago.*

2. *Promisel,* 943 F.2d at 254 (quoting *United Mine Workers,* 383 U.S. at 725–26, 86 S.Ct. 1130) (internal quotation marks omitted); *see, e.g., Kirschner v. Klemons,* 225 F.3d 227, 239 (2d Cir.2000) (holding that the court has supplemental jurisdiction over plaintiff's state law claims because they emanate from "the same set of facts that give rise to an anchoring federal question claim").

those claims includes years in which Omar also was involved in the business. Moreover, the time period includes the relatively brief period prior to November 4, 2003 that is relevant to the complaint. Nevertheless, the focus of these counterclaims is entirely different. Whereas the complaint focuses on what transpired during a relatively short period between Omar and the plaintiff in relation to the sale of the business, these two counterclaims focus on what amounts to alleged looting of the corporate defendants by the plaintiff over a five to six year period. Thus, while there may be some facts that are common to both the complaint and these counterclaims, the complaint and these counterclaims do not arise out of a common nucleus of operative fact. Put another way, while facts relevant to one claim might provide background with respect to the other, more is required.[3]

 Even if the counterclaims were within the Court's power, the Court would not be obliged to hear them. Section 1367(c)(2) permits a district court to decline to exercise supplemental jurisdiction over claims with respect to which there is no independent basis of federal jurisdiction where "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." That is the case here. The trial of the claims in the complaint will focus on a brief period and on the interaction between the principal parties. Trial of the counterclaims will require an extensive review of the money taken out of the business by the plaintiff over a six-year period. It would overwhelm the claim over which the Court has original jurisdiction.

**3.** *See, e.g., Manela v. Garantia Banking, Ltd.,* 5 F.Supp.2d 165, 177–78 (S.D.N.Y.1998); *Patraker v. Council on the Environment,* No. 02

*Conclusion*

Accordingly, plaintiff's motion to dismiss the counterclaims for lack of subject matter jurisdiction is granted.

SO ORDERED.

Civ. 7382(LAK), 2003 WL 22703522 (S.D.N.Y. 2003).